# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| HONARY ENTERPRISES, LLC., <br><br> Plaintiff, <br><br> vs. <br><br> HARRY DAVIS, LLC, et al., <br><br> Defendants. | No. C24-107-LTS-KEM <br><br> **MEMORANDUM OPINION AND ORDER** |

## I. INTRODUCTION

This case is before me on a motion (Doc. 37) to set aside default judgment filed by defendant 1749348 Ontario Inc., d/b/a Tillsonburg Custom Foods (Tillsonburg). Plaintiff Honary Enterprises, LLC (Honary) has filed a resistance (Doc. 41) and Tillsonburg has filed a reply (Doc. 42). Oral argument is not necessary. Local Rule 7(c).

## II. PROCEDURAL HISTORY

On October 4, 2024, Honary filed a complaint (Doc. 1) against defendants Harry Davis LLC (HD), Leonard Davis (Davis) and Tillsonburg alleging breach of written and oral contracts against HD, fraudulent inducement against Davis and breach of contract and unjust enrichment against Tillsonburg. The complaint was served on Tillsonburg via process server on November 5, 2024. Doc. 13. On December 17, 2024, Honary moved for the entry of default against Tillsonburg and the Clerk of Court entered default the next day. Doc. 16. On February 6, 2025, Honary moved to amend the complaint to reflect the corporate name of Tillsonburg, 1749348 Ontario Inc. Chief United States Magistrate Judge Kelly K.E. Mahoney granted the motion and also extended the deadline

for Honary to file a motion for default judgment. *See* Doc. 28. Honary filed its amended complaint (Doc. 29) on February 19, 2025. On February 24, 2025, Honary filed its motion (Doc. 30) for default judgment against Tillsonburg, which was granted on March 21, 2025. *See* Docs. 31, 32.

Tillsonburg has submitted an affidavit (Doc. 38-1) from its President, Ed Lamers, in which it disputes several of the allegations in Honary's amended complaint. However, it does not dispute that Tillsonburg was served with a copy of the complaint on November 5, 2024. Lamers states that upon service of the lawsuit, Tillsonburg contacted HD, who represented to Tillsonburg that it had no obligation to remove the Leftover Equipment or otherwise act in response to Honary's claims. Tillsonburg states that as a foreign business unfamiliar with United States civil procedure, it relied on HD's representations. *Id.* It notes that HD never recanted its representations and that it was only upon service of the judgment that Tillsonburg realized that HD had not resolved Honary's claims and Tillsonburg had relied on HD's representations to its detriment. At that point, Tillsonburg secured legal counsel in Iowa to respond to these proceedings. *Id.*

## III. APPLICABLE STANDARDS

Federal Rule of Civil Procedure 60(b) allows the court to relieve a party from a final judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

2

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Atkinson v. Prudential Property Co., Inc.*, 43 F.3d 367, 371 (8th Cir. 1994) (quoting *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986) (per curiam)). "The rule attempts to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done." *Harley v. Zoesch*, 413 F.3d 866, 870 (8th Cir. 2005) (quoting 11 Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* § 2851, at 227 (2d ed. 1995)). A court's decision under Rule 60(b)(1) is based on equitable considerations including "(1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) whether the movant acted in good faith; and (4) the reason for the delay, including whether it was within the reasonable control of the movant." *Giles v. Saint Luke's Northland-Smithville*, 908 F.3d 365, 368 (8th Cir. 2018). "[T]he existence of a meritorious defense is . . . [also] a relevant factor." *Id.* Under Rule 60(b)(3), a defendant must show "with clear and convincing evidence, that the opposing party engaged in a fraud or misrepresentation that prevented the movant from fully and fairly presenting the case." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 935 (8th Cir. 2006) (quoting *Harley*, 413 F.3d at 870). "Relief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." *Harley*, 413 F.3d at 871 (citing *Atkinson*, 43 F.3d at 373). Relief under subsection (b)(6) cannot be premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5). *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988).

3

## IV.    ANALYSIS

Tillsonburg argues that I should set aside the default judgment because (1) misrepresentations by HD prevented Tillsonburg from fully and fairly presenting its defense; (2) Tillsonburg's failure to timely respond to these proceedings is attributable to a good faith mistake in understanding foreign law; and (3) Tillsonburg has meritorious defenses in this ongoing litigation.  It alleges that it was reasonable to rely on HD's representations, particularly as a foreign entity, because its relationship with Honary was entirely facilitated by HD.  It also explains its defenses, which are based on (1) the fact that Tillsonburg is not a party to Honary's contract with HD, (2) there was no discussion about adjusting any removal period from 40 to 60 days and (3) no one from Honary ever contacted Tillsonburg to request removal of the Leftover Equipment.  Tillsonburg also disputes the calculation of Honary's damages on various grounds and argues that if it is permitted to defend this action, it would bring cross-claims of fraudulent misrepresentation and tortious interference with a contract against HD.

Honary resists the motion, noting that the summons served with the complaint clearly explained that Tillsonburg needed to file a response within 21 days and that failure to do so meant "judgment by default will be entered against you for the relief demanded in the complaint."  Doc. 3.  Honary also presents evidence of correspondence it sent to Tillsonburg's Director of Process and Technology, Carl Bader, dated September 20, 2024, at an email address Bader previously used to communicate with others that has been revealed in discovery.  Docs. 41-2, 41-4.  It contends that Tillsonburg's actions fall within the sort of "contumacious or intentional delay or disregard for deadlines" that are "rarely, if ever, excused."  *See Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998).

With regard to the representations by HD, Honary argues these do not meet the requisite burden because (1) it is difficult to understand how Tillsonburg could simultaneously read the complaint detailing HD's alleged misconduct and rely on HD's assurances that Tillsonburg had no obligation to do anything in response to the lawsuit

4

and (2) HD is not an "opposing party" under Rule 60(b)(3). Finally, Honary argues that Tillsonburg has not provided specific facts or evidence demonstrating it has meritorious defenses, but instead has offered only conclusory denials of liability that contradict the written Terms of Sale (Doc. 41-3). It contends it will be prejudiced if the default judgment is set aside because it will prolong the time that the Leftover Equipment remains on Honary's property disrupting its business ventures.

Beginning with HD's alleged misrepresentations to Tillsonburg, I agree with Honary that HD is not an opposing party under Rule 60(b)(3). Like Honary, I have been unable to find any authority applying Rule 60(b)(3) to a co-defendant. However, Tillsonburg has submitted a draft answer alleging cross-claims against HD of fraudulent misrepresentation and tortious interference with a contract if the judgment is set aside. Doc. 42-1. Even if HD is arguably an opposing party because of the potential cross-claims, Tillsonburg must still prove the fraud or misrepresentation by "clear and convincing evidence." *Metro. St. Louis Sewer Dist.*, 440 F.3d at 935. Tillsonburg's evidence consists of an affidavit from its President, Ed Lamers, stating in relevant part:

> 13. In November 2024, Tillsonburg was served in these proceedings.
>
> 14. In response, Tillsonburg contacted Harry Davis.
>
> 15. Harry Davis again represented to Tillsonburg that it had no obligation to remove the Leftover Equipment or otherwise act in response to Honary's unmeritorious claims.
>
> 16. Tillsonburg relied on Harry Davis's representations.
>
> 17. Despite answering the lawsuit and its awareness and understanding of default procedures, Harry Davis never contacted Tillsonburg to recant or correct its representations.

Doc. 38-1. Tillsonburg provides no further details, such as which HD employee made the alleged representations, when they were made, the manner of correspondence or any other proof thereof. I find that Tillsonburg has not provided clear and convincing

5

evidence of fraud, misrepresentation or misconduct under Rule 60(b)(3) to justify setting aside the judgment. Nor do I find this situation to constitute an adequate showing of "extraordinary circumstances" in which Tillsonburg is essentially faultless under Rule 60(b)(6). *See Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 393 (1993) ("To justify relief under subsection (6), a party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay.").

That leaves Rule 60(b)(1), under which Tillsonburg argues the judgment should be set aside based on a good faith mistake in understanding foreign law and relying on the representations of HD. As Honary points out, the summons clearly explained that Tillsonburg was required to file a response within 21 days and that failure to do so meant "judgment by default will be entered against you for the relief demanded in the complaint." Doc. 3. Honary argues the fact that Tillsonburg was engaged in buying equipment from the United States tends to discredit Tillsonburg's assertion that its location, "hundreds of miles" from this court, means it deserves more leniency. Honary has also presented evidence that it reached out to Bader via email in September 2024 regarding this dispute at an email address that Bader had used in April 2024 to communicate with others.[1] Docs. 41-2, 41-3.

The Eighth Circuit has instructed that "a district court ought not to focus narrowly on the negligent act that caused the default and ask whether the act was itself in some sense excusable." *Union Pacific R. Co. v. Progress Rail Servs. Corp.*, 256 F.3d 781, 782 (8th Cir. 2001). "Instead, the court should take account of all relevant circumstances surrounding the party's omissions" and "engage in a careful balancing of multiple considerations." *Id.* These include: "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether

---

[1] Tillsonburg does not address this evidence or argument.

6

Case 1:24-cv-00107-LTS-KEM    Document 45    Filed 06/06/25    Page 6 of 8

the movant acted in good faith." *Id.* "[T]he existence of a meritorious defense [also] continues to be a relevant factor." *Id.* (quoting *Johnson*, 140 F.3d at 784).

Taking the equitable considerations into account, I find little danger of prejudice to Honary. The default judgment did not end this lawsuit, as Honary has continued pursuing its claims against HD. The case is still in its early stages and allowing Tillsonburg's participation at this point would not cause serious delay or significantly impact the proceedings. The delay that Honary may experience in obtaining the relief it seeks is not enough, particularly because Tillsonburg was not the only named defendant. *See Johnson*, 140 F.3d at 785 (noting that prejudice "may not be found from delay alone or from the fact that the defaulting party will be permitted to defend on the merits" but that plaintiff must be prejudiced "in a more concrete way, such as loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion") (internal quotations omitted).

While Tillsonburg acted foolishly, I have no reason to conclude that it acted with anything other than good faith in relying on HD's representations up to the point the default judgment was entered. There is certainly no evidence that its delay in responding was intentional or contumacious. *See id.* at 784 ("Our cases have consistently sought to distinguish between contumacious or intentional delay or disregard for deadlines and procedural rules, and a 'marginal failure' to meet pleading or other deadlines."). Given its history of communicating exclusively with HD for this transaction, I find its delay excusable, particularly because it is a foreign corporation unfamiliar with American legal procedures. Doc. 38-1. While the summons did explicitly direct Tillsonburg to file a response within 21 days and detail the consequences of failing to do so, Tillsonburg's reliance on HD's representations is not completely unreasonable, given that HD (1) was already involved in the litigation and (2) was Tillsonburg's sole point of contact. Tillsonburg could, and apparently did, interpret HD's representations as taking accountability for the situation, such as to require no action by Tillsonburg.

7

In addition, Tillsonburg has demonstrated that it has meritorious defenses based on (1) the lack of a contract between Tillsonburg and Honary, (2) the terms of the contract between Honary and HD and (3) Tillsonburg's challenges to Honary's damages calculations. On balance, the equitable considerations weigh in favor of setting aside the judgment under Rule 60(b)(1).

## V. CONCLUSION

For the reasons stated herein, Tillsonburg's motion (Doc. 37) to set aside the default judgment is **granted**. The Clerk's entry of default (Doc. 16) is **vacated**. Tillsonburg shall file its answer or other response to the amended complaint within 21 days of this order.

**IT IS SO ORDERED** this 6th day of June, 2025.

_____
Leonard T. Strand
United States District Judge